IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>vs.<br><br>ALEXIS M. VALVERDE,<br><br>*Defendant.* | Case No. 20-10078-02-EFM |

**MEMORANDUM AND ORDER**

This matter comes before the Court on pro se Defendant Alexis M. Valverde's Motion to Reduce Sentence (Doc. 96).[1]  She contends that she is entitled to a sentence reduction due to recent amendments to the United States Sentencing Guidelines.  For the reasons stated below, the Court dismisses Defendant's motion.

On October 21, 2022, Defendant pleaded guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  On January 23, 2023, the Court sentenced Defendant to 96 months' imprisonment, which was less than the guideline range of 110-137 months.  On June 18,

---

[1] The Federal Public Defender's Office declined representation of Defendant in this matter.

2024, Defendant filed this motion seeking a sentence reduction. The government opposes Defendant's motion.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant may file her own motion for a sentence reduction provided certain factors are met.[2] Specifically, § 3582(c)(2) allows a court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)" and after considering § 3553(a) factors so long as the reduction "is consistent with applicable policy statements."[3]

Effective November 1, 2023, the Sentencing Commission amended the United States Sentencing Guidelines.[4] Part A of Amendment 821 limits the impact criminal history points, or "status points," and subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."[5] Relevant to the facts in this case, Part A of Amendment 821 limits the impact of "status points" if the instant offense was committed while under a criminal justice sentence.[6]

In this case, Defendant's Presentence Investigation Report indicates that she has 12 criminal history points. In addition, two additional points were added because she committed the

---

[2] 18 U.S.C. § 3582(c)(2).

[3] *Id.*

[4] *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023).

[5] *See* https://www.ussc.gov/guidelines/amendment/821 (last visited July 11, 2024); *see also* U.S.S.G. § 4A1.1; § 4C1.1.

[6] U.S.S.G. § 4A1.1.

instant offense while under a criminal justice sentence. Thus, her total criminal history points are 14.

Under the revised guidelines, Defendant would only receive one additional point for committing the offense while under a criminal justice sentence which would result in a total criminal history of 13 points.[7] A criminal history score of either 14 or 13 places Defendant in the same criminal history category VI. Thus, the reduction of one criminal history point would not change Defendant's sentence. Accordingly, Defendant's motion to reduce her sentence is without merit, and the Court dismisses Defendant's motion.[8]

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence (Doc. 96) is **DISMISSED**.

**IT IS SO ORDERED**.

Dated this 12th day of July, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[7] *See* U.S.S.G. § 4A1.1(e) (stating that a defendant will receive an additional one point if the defendant "committed the instant offense while under any criminal justice sentence" and received seven or more points in the previous subsections).

[8] *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) (stating that a district court should dismiss for lack of jurisdiction if a defendant is ineligible for a sentence reduction under § 3582(c)(2)).